## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:      §
     §
MIDTOWN SCOUTS SQUARE      §
PROPERTY, LP; MIDTOWN      §
SCOUTS SQUARE, LLC,      §
     §
     Debtors,      §
     §
ATUL LUCKY CHOPRA,      §
     §
     Defendant-Appellant,      §
     §
     vs.      §
     §
RICHEY FAMILY LIMITED      §
PARTNERSHIP, LTD.; L.E. RICHEY      §
AND TODD RICHEY,      §
     §
     Plaintiffs-Appellees.      §
     §

Civil Action No. 4:14-CV-1757

## O R D E R

Pending before the Court is Appellant Atul Lucky Chopra ("Appellant" or "Chopra")'s Appeal of United States Bankruptcy Judge Karen K. Brown's Order Granting Corrected Motion to Reconsider Order Denying Remand Under Rule 9024 and Remanding Adversary Proceeding to the 268th District Court of Fort Bend County, Texas. (**B.A.P. 13-03108, Instrument No. 61**).

### I.

### A.

This is an appeal of the bankruptcy court's May 29, 2014 Order granting Plaintiff-Appellee Richey Family Limited Partnerships, LTD, L.E. Richey, and Todd Richey ("Appellee"

or "Richey")'s Motion to Reconsider Order Denying Remand under Rule 9024 and Remanding Adversary Proceeding to the 268th District Court of Fort Bend County, Texas. (Instrument No. 3-55). Richey's Motion to Reconsider Order Denying Remand under Rule 9024 stated that the proceeding should have been remanded because the bankruptcy court must abstain from hearing the "noncore" adversary bankruptcy proceedings related to a case under Title 11 but that do not arise under Title 11. (Instrument No. 3-36). Chopra appeals this remand on two grounds. First, Chopra asserts that the bankruptcy court erred in reconsidering and reversing its prior decision without a showing of legal error. (Instrument No. 5 at 19-20). Second, Chopra asserts that the adversary bankruptcy proceeding is a core proceeding that should not have been remanded because a state court determination regarding the Debtors' ownership and control may conflict with the orders of the bankruptcy court, because the adversary proceeding affects the equity security holder, and because the adversary proceeding involved counterclaims by the estate against persons filing claims against the estate. (Instrument No. 5 at 25-29).

**B.**

Midtown Scouts Square Property, L.P. ("Midtown LP") and Midtown Scouts Square Property, L.L.C. ("Midtown LLC") (collectively, "Debtors") own and operate a commercial real estate development project located at 1910 and 1911 Bagby Street in Houston, Texas (the "Midtown Project"). (Instrument No. 3-44 at 2, n.2). Midtown LLC is the general partner of Midtown LP and owns 1% of Midtown LP (Instrument No. 3-44 at 2, n.2). Appellant Chopra is a Houston physician who owns 99% of Midtown LP and 100% of Midtown LLC. (Instrument No. 3-44 at 2, n.2).

The Midtown Project has approximately $12 million in bank financing, including a conventional loan in the amount of $4.252 million through the Bank of Houston for the 1910 Bagby property, and a first lien financing for $4.188 million through the Bank of Houston and a second lien financing for $3.35 million through Mercantile Capital Corporation for the 1911 Bagby property. (Instrument Nos. 3-44 at 2, n.3, 3, n.4, n.5; 3-23 at 3). Chopra and the Debtors guaranteed the loans and intended to convert the second lien on 1911 Bagby to a Small-Business-Administration loan ("SBA loan").

Appellant alleges that Chopra, Todd Richey, and L.E. Richey came to an understanding over email exchanges that: 1) Todd and L.E. Richey ("the Richeys") will contribute $1.4 million cash into the Midtown Project to be used as equity, 2) the Richeys will assume 50% of the total project debt, 3) the Richeys will replace Chopra on the debt with the Bank of Houston, and 4) the Richeys will receive 27% ownership in the Midtown Project. (Instrument Nos. 3-23 at 4-5; 5 at 15). Appellant alleges that Todd Richey acknowledged this arrangement and suggested that his company's in-house attorney draft a letter of intent ("LOI") with all the aforementioned agreements on behalf of the parties. (Instrument No. 3-23 at 5). Chopra agreed to the joint representation, but objected to the letter of intent drafted by the Richeys' in-house lawyer. Chopra alleges that the letter failed to encompass the entirety of the agreement because it did not require the Richeys to replace Chopra on any loan guarantee. (Instrument No. 3-23 at 5). Appellees allege that they committed to invest $1.4 million in the Project in exchange for a cumulative total of 27% ownership, which was to be transferred from Chopra's 100% ownership. (Instrument No. 3-41). Appellees allege that Chopra refused to transfer the agreed-upon 27% of the equity in the Debtors to Richey after their advance of the $1.4 million consideration. (Instrument No. 3-41).

On January 4 and January 31, 2010, the bank loans closed and began funding the Midtown Project. The loan documents required the consent of the lenders prior to any change in ownership of the Midtown Project, and any owners of more than 20% of the Midtown Project were required to assume and become guarantors on the Midtown Project debt. (Instrument No. 3-23 at 5). Chopra alleges that the Richeys never became guarantors and eventually disclosed that they did not intend to assume or guarantee any of the Midtown Project debt. (Instrument No. 3-23 at 5). Chopra alleges that upon this discovery, he and the Debtors attempted to return the Richey's $1.4 million, but that the Richeys refused to accept the money and instead filed a state court action alleging fraud and seeking specific performance of the LOI. (Instrument No. 3-23 at 6).

On February 20, 2012, Plaintiffs-Appellees Richey brought suit in state court against Chopra and the Debtors alleging an ownership interest in the Midtown entities and seeking specific performance of the LOI and damages for various fraud and conspiracy claims. (Instrument No. 3-23 at 6). The live complaint, the Seventh Amended Complaint, seeks a declaratory judgment that the LOI is still in effect and for specific performance of the LOI, and damages for Chopra's alleged breach of the LOI, fraud, and conspiracy to commit fraud. (Instrument No. 3-41). The live complaint also alleges claims of aiding and abetting fraud and conspiracy to commit fraud against the Bank of the Houston. (Instrument No. 3-41). Richey's Seventh Amended Petition removed the Debtors as defendants in the state court case and drops any claim for ownership of the general partner. (Instrument No. 3-41).

On May 9, 2013, the Debtors Midtown LP and Midtown LLC filed for bankruptcy protection under 11 U.S.C. § 101 *et seq*. On May 24, 2013, Debtors removed a bankruptcy adversary proceeding to federal bankruptcy court. On May 30, 2013, Plaintiff-Appellee Richey

filed a Motion to Remand and Request for Modification of the Automatic Stay, and the Debtors and the Bank of Houston filed objections on June 20, 2013. (Instrument Nos. 3-23; 3-24). The bankruptcy court held a hearing on Richey's May 30th motion and denied such a motion for remand on June 25, 2013. On June 18, 2013, Richey filed a motion to remand the adversary proceeding back to state court, which was denied on July 2, 2013. (Instrument Nos. 3-22; 3-28). On June 24, 2013, the Debtors filed a Motion to Estimate. (Instrument No. 3-28). The bankruptcy court held a hearing on Debtor's Motion to Estimate Claims in the main bankruptcy case and allowed Richey's claim in the amount of $1.4 million, and subsequently denied to estimate the equity claims of non-debtors.

On July 16, 2013, Richey timely filed a motion to reconsider the remand pursuant to Bankruptcy Rule 9024, which the bankruptcy court granted on May 29, 2014. (Instrument Nos. 3-32; 3-55). On May 29, 2014, the bankruptcy court granted the Motion to Reconsider and entered the order remanding the case to state court. (Instrument No. 3-55). On June 23, 2014, Chopra filed a Notice of Appeal under 28 U.S.C. § 158. (Instrument No. 3-2).

## C.

Federal Rule 8006 of Bankruptcy Procedure states, "[w]ithin 14 days after filing the notice of appeal . . . , the appellant shall file with the clerk and serve on the appellee . . . a statement of the issues to be presented." The Rule does not contemplate amendment of the statement of issues to be presented on appeal in the absence of a cross appeal. *See id.* Furthermore, "the failure of a bankruptcy appellant to designate issues as required by Bankruptcy Rule 8006 result[s] in a waiver of those issues." *In re GGM, P.C.*, 165 F.3d 1026, 1032 (5th Cir. 1999). "An issue that is not listed pursuant to this rule and is not inferable from the issues that

are listed is deemed waived and will not be considered on appeal." *In re Al Copeland Enterprises, Inc.*, 32 F.3d 567 *8 (5th Cir. 1994) (quoting *Snap-on Tools, Inc. v. Freeman (In re Freeman)*, 956 F.2d 252, 255 (11th Cir. 1992)).

As acknowledged in Appellant's Notice of Appeal, the adversary proceeding in this case "primarily involves a dispute over a proposed equity investment by [plaintiff-appellee Richey] in Midtown LP and LLC." (Instrument No. 3-2 at 3). Appellant Chopra's brief asserts that the bankruptcy court erred in reversing its prior order denying remand because there was no legal error presented, and because remand is improper and impermissible in this case. (Instrument No. 5 at 13). Chopra asserts that the adversary proceeding is a core proceeding that cannot be remanded to the state court because it affects the equity security holder, involves counterclaims by the estate against persons filing against the estate, and any decision by the state court may conflict with that of the bankruptcy court. (Instrument No. 5 at 25-29).

In response, Appellees assert that Appellant Chopra lacks standing to appeal the bankruptcy court's order to remand because the Seventh Amended Complaint removed the Debtors as parties to the state court litigation, and because Chopra has no pecuniary rights that have been impaired by remand of the case. (Instrument No. 6 at 13-16). Alternatively, Appellees assert that Bankruptcy Rule 9023 controls the dispute because the motion for reconsideration was filed within the fourteen-day window to file an appeal, as prescribed by Rule 9023. (Instrument No. 6 at 16-17). Lastly, Appellees also assert that the bankruptcy court did not abuse its discretion in remanding the adversary proceeding because events had taken place since the bankruptcy court's initial denial of remand that significantly changed the posture of the adversary proceeding. (Instrument No. 6 at 18-22).

## II.

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from final judgments of bankruptcy courts in the same judicial district. A "final" order in a bankruptcy case is any order that "ends a discrete judicial unit in the larger case." *Smith v. Revie*, 817 F.2d 365, 367-68 (5th Cir. 1987). Under Bankruptcy Rule 8002, a party has fourteen days from the date of the entry of the judgment, order, or decree to appeal to file a notice of appeal with the court clerk. Fed. R. Bankr. P. 8002. The district court lacks jurisdiction over an appeal that is not timely filed. *In re Morrow*, 564 F.2d 189 (5th Cir. 1977).

A bankruptcy court's findings of fact are subject to review for clear error, while its conclusions of law are subject to review *de novo. In re Acosta*, 406 F. 3d 367, 372 (5th Cir. 2005). Findings of fact shall not be set aside unless they are clearly erroneous. *Id* at 373. The district court must be "left with the definite and firm conviction that a mistake has been made" before disturbing the bankruptcy court's factual findings. *Otto Candies, LLC v. Nippon Kaiji Kyookai Corp.*, 346 F. 3d 530, 533 (5th Cir. 2003). "As long as there are two permissible views of the evidence, [the court] will not find the fact finder's choice between competing views to be clearly erroneous." *Acosta*, 406 F.3d at 373 (citing *Anderson v. Bessemer City*, 470, U.S. 564, 574 (1985)). In addition, the bankruptcy court's credibility determinations are entitled to deference. *In re Dennis*, 330 F. 3d 696, 701 (5th Cir. 2003).

When the district court reviews a mixed question of law and fact, the district court must give deference to the factual determinations made by the bankruptcy court, unless clearly erroneous, but must independently determine the ultimate legal conclusion adopted by the bankruptcy court, on the basis of the fact found. *In re Stembridge*, 394 F.3d 383, 395 (5th Cir. 2004); *In re Bufkin Bros., Inc.*, 757 F.2d 1573, 1577-78 (5th Cir. 1985).

Matters within a bankruptcy judge's discretion are reviewed for abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2006); *In re U.S. Golf Corp.*, 639 F.2d 1197, 1201 (5th Cir. 1981). A bankruptcy court abuses its discretion when it (1) "applies an improper legal standard" or (2) "rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).   District courts review a bankruptcy court's decision to remand under 28 U.S.C. § 1452(b) for abuse of discretion. *Terral v. SCH Mgmt. Solutions, Inc.*, CIV.A. 04-1545, 2004 WL 2115486, *2 (E.D. La. Sept. 21, 2004).

## III.

### A.

28 U.S.C. § 1452(a) allows parties to remove state claims related to bankruptcy cases to federal district courts. 28 U.S.C. § 1452(b) allows the court to which that state claim is removed to remand the matter to state court on any equitable ground. In determining whether or not to remand under § 1452(b), bankruptcy courts consider the following "equitable grounds":

> (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court would be better able to handle issues of State law; (7) the expertise of the Bankruptcy Court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether the case involves forum shopping; (11) the burden on the Bankruptcy Court's docket; and (12) considerations of comity.

*In re Ciclon Negro, Inc.*, 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

Before this Court addresses the merits of Appellant's claims, the Court must first determine that the Appellant has standing to assert them. 28 U.S.C. § 158(a) designates certain cases as "core proceedings" and authorizes a bankruptcy court to "enter appropriate orders and judgments" in such cases. 28 U.S.C. § 158(a) (West). In a core proceeding, an aggrieved party

may appeal the judgment of the bankruptcy court to the district court, which applies a *de novo* standard of review to the conclusions of law and the clearly-erroneous standard to findings of fact. 28 U.S.C. § 158(a) (West); *In re BP RE, L.P.*, 735 F.3d 279, 282 (5th Cir. 2013). While the "case or controversy" limitation of Article III dictates that the alleged harm must be fairly traceable to the act complained of, the "person aggrieved" test for standing to appeal a bankruptcy court's order demands a higher causal nexus between act and injury. 28 U.S.C. § 158(a); *In re BP RE, L.P.*, 735 F.3d 279. The appellant must show that he was directly and adversely affected pecuniarily by the order of bankruptcy court in order to have standing to appeal. U.S.C.A. Const. Art. 3, § 2, cl. 1.; *In re Coho Energy Inc.*, 395 F.3d 198 (5th Cir. 2004); *In re S. White Transp., Inc.*, 473 B.R. 695 (S.D. Miss. 2012) *aff'd*, 725 F.3d 494 (5th Cir. 2013) (holding that the "secured creditor was directly and adversely affected pecuniarily by [the] bankruptcy court's determination that its lien was extinguished by Chapter 11 plan confirmation order and qualified as "person aggrieved" with standing to appeal"). This test is a "more exacting standard than traditional constitutional standing." *Id.* at 203 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir.1983)). *In re S. White Transp., Inc.*, 473 B.R. at 699, *aff'd*, 725 F.3d 494 (5th Cir. 2013); *In re Young*, 416 F. App'x 392 (5th Cir. 2011).

In this case, Chopra has standing to appeal the bankruptcy court's order to remand only if he was "directly and adversely affected pecuniarily by the order of the bankruptcy court." *In re Young*, 416 F. App'x 392. In the current live complaint, the Seventh Amended Complaint, Plaintiffs-Appellees seek a declaratory judgment that the LOI is still in effect and for specific performance of the LOI, and damages for Chopra's alleged breach of the LOI and fraud and conspiracy to commit fraud. (Instrument No. 3-41). Chopra asserts that he has standing to prosecute the appeal because the remand order severed and remanded core bankruptcy issues,

including ownership of the Debtors' equity and the rights and obligations of the equity owners in relation to the Debtors' loans. (Instrument No. 7 at 5-6). First, Chopra alleges that his equity interest in the Debtors will be harmed if the Debtors default on their loans, which he alleges is an outcome threatened by the remand. (Instrument No. 7 at 5). Specifically, Chopra alleges that the remand threatens a risk of default of the Debtors' loans, and such a default would impact Chopra's ownership interest in the Debtors. (Instrument No. 7 at 7). However, Chopra does not attempt to demonstrate how the remand order will result in default of the bank loans, or how he is "directly and adversely affected pecuniarily" by the remand order. Furthermore, the Fifth Circuit has held that membership interest, such as those owned by Chopra in this case, are not property of the bankruptcy estate. *Matter of Paso Del Norte Oil Co.*, 755 F.2d 421, 425 (5th Cir. 1985); *In re Texas Consumer Fin. Corp.*, 480 F.2d 1261, 1266 (5th Cir. 1973) (holding that a bankruptcy court has jurisdiction "of only debtor and his property and [that] the corporate debtor has no property interest in [the] shares of its stock owned by its stockholders"); Bankr. Act, §§ 101 et seq., 301 et seq.; 11 U.S.C.A. §§ 501 et seq., 701 et seq. The Fifth Circuit has held that a business entity has no property interest in the shares of its stock owned by member of shareholders. *In re Texas Consumer Fin. Corp.*, 480 F.2d 1261. In this case, Chopra does not dispute that the current pleading removed the Debtors as defendants in the state court case and drops any claim for ownership of the general partner. (Instrument No. 3-41). Thus, Chopra does not have standing to appeal the bankruptcy court's order to remand the adversary proceeding to state court. Therefore, this Court need not address whether the bankruptcy court abused its discretion in remanding the adversary proceeding to state court.

Accordingly, this Court DISMISSES Appellant's appeal for lack of standing under 28 U.S.C. § 158(a).

## IV.

For the foregoing reasons, IT IS HEREBY ORDERED THAT Atul Lucky Chopra's appeal of the bankruptcy court's Order Granting Corrected Motion to Reconsider Order Denying Remand Under Rule 9024 and Remanding Adversary Proceeding is **DISMISSED** for lack of standing. (**B.A.P. 13-03108, Instrument No. 61**).

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** on this the 12th day of March, 2015, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**